IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEERE & COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-13-0511-HE |
| ) | |
| LARRY CABELKA, STANLEY ) | |
| McCUISTON, STEVE McCUISTON, ) | |
| PHILIP McCUISTON, and GOLDEN ) | |
| TRIANGLE FARMS, L.L.C., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Deere & Company ("Deere") filed this replevin action to recover various pieces of farm equipment in which it claims security interests. Plaintiff also bought conversion claims against defendants Larry Cabelka ("Cabelka"), and Stanley, Steve, and Philip McCuiston (collectively, "the McCuistons"). Cabelka answered and asserted counterclaims of assault, outrage, slander, defamation, negligent hiring and supervision, and negligent and intentional interference with economic prospects against Deere, as well as various purported cross-claims against the McCuistons. Deere moved to dismiss Cabelka's counterclaims. [Doc. #31].

After conducting preliminary discovery, Deere requested leave to amend its complaint to add Golden Triangle Farms, L.L.C. ("Golden Triangle") as a defendant. The motion was granted and Deere re-alleged the replevin and conversion claims from its first complaint and added a conversion claim against Golden Triangle.

Cabelka answered the amended complaint and alleged counterclaims against Deere

identical to those in as his initial answer. The McCuistons answered the amended complaint and asserted cross-claims of breach of contract, negligent misrepresentation, and constructive fraud against Cabelka. Golden Triangle answered the amended complaint and brought the same purported cross-claims against the McCuistons as had been previously alleged by Cabelka. Deere then moved to dismiss Cabelka's re-alleged counterclaims against it. [Doc. #51]. The McCuistons moved to dismiss the defamation cross-claim asserted against them by Golden Triangle. [Doc. #59]. Finally, Cabelka moved to amend his cross-claims against the McCuistons. [Doc. #64]. Deere's two motions to dismiss, the McCuistons' motion to dismiss, and Cabelka's motion for leave to amend are now at issue before the court.

## Discussion

Rule 12(b)(6) permits a court to dismiss a claim when a party fails "to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and construed in the light most favorable to the nonmoving party. Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010). Unsupported, conclusory allegations, however, need not be accepted as true. *See* Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011). Further, "mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice." Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Deere has moved to dismiss Cabelka's counterclaims against it on the basis that they do not meet the appropriate pleading standard. The court agrees. Cabelka's counterclaims are completely devoid of factual allegations as would satisfy federal pleading standards. Therefore, Deere's second motion to dismiss Cabelka's counterclaims will be granted. Deere's first motion to dismiss will be stricken as moot.

Similarly, Golden Triangle's defamation claim against the McCuistons does not allege the sort of facts necessary to meet federal pleading standards. The McCuistons' motion to dismiss will therefore be granted.

Cabelka filed a motion to amend his complaint to add an assault cross-claim against the McCuistons and to add a piece of equipment that was omitted from his initial filing. The McCuistons opposed the motion, arguing that the assault claim has no relation to Deere's complaint or Cabelka's initial cross-claims against them, and should therefore be litigated in another forum. Cabelka did not respond to the McCuistons' objection.

Rule 13(g) governs the pleading of cross-claims, which provides:

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

Cabelka's current cross-claims appear to be based on defamation and conversion. He now seeks to add an assault claim arising out of an alleged October 22, 2013, confrontation with the McCuistons. As noted, proper cross-claims must relate to the transaction or

3

occurrence that is the subject matter of the original action or counterclaims.  *See* Spicer v. New Image Intern., Inc., 2006 WL 3791972, *3 (D. Kan. Dec. 26, 2006) (citing Allstate Ins. Co. v. Daniels, 87 F.R.D. 1, 2 (W.D. Okla. 1978)).  Cabelka's assault claim does not involve the same subject matter as the initial complaint or any counterclaims, and is therefore improper.  Accordingly, Cabelka's motion to amend his cross-claim will be denied insofar as it seeks to add an assault claim, and granted insofar as it seeks to add omitted farm equipment related to the conversion claim.[1]

## Conclusion

For the reasons stated, Deere's second motion to dismiss defendant Cabelka's counterclaims [Doc. #51] is **GRANTED**.  Deere's first motion to dismiss [Doc. #31] is **STRICKEN AS MOOT**.  The McCuistons' motion to dismiss Golden Triangle's defamation cross-claim [Doc. #59] is **GRANTED**.  Cabelka's motion to amend his cross-claims against the McCuistons [Doc. #64] is **GRANTED** insofar as it seeks to add omitted equipment relating to his conversion cross-claim, and **DENIED** insofar as it seeks to add an assault cross-claim.  Cabelka is granted leave to file amended counterclaims in compliance with federal pleading standards within **14 days**.

---

[1] "Unlike counterclaims, which are compulsory or permissive, crossclaims are always permissive."  Gaddis v. Allison, 234 B.R. 805, 814 (D. Kan. 1999) (citing 6 Wright et al., *Federal Practice and Procedure: Civil 2d § 1431, at 236*)).  So, Cabelka is free to bring his assault claim in the appropriate forum.

**IT IS SO ORDERED**.

Dated this 12th day of December, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE